UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NANCY NOURIEL, and<br>MICHAEL NOURIEL,<br>68 Moreland Street<br>Worcester, MA 01609,<br><br>                    Plaintiffs,<br><br>          v.<br><br>ELI LILLY AND COMPANY,<br>Lilly Corporate Center<br>Indianapolis, IN 46285,<br><br>                    Defendant. | CIVIL ACTION No. |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §1446, defendant Eli Lilly and Company ("Lilly") files this Notice of Removal and states:

1.      On September 21, 2006, Plaintiffs commenced an action against Lilly in the Superior Court for the District of Columbia, Civil Division, as Civil Action No. 06-007152 B, by filing a Complaint for Damages.  The United States District Court for the District of Columbia is the district embracing the place where this action is pending.  True copies of all process, pleadings, and orders served on Lilly as of the morning of October /0 , 2006 are attached hereto as Exhibit A and specifically incorporated herein.

2.      Lilly received service of process on September 25, 2006.

3.      This Notice of Removal is filed within thirty (30) days of the date on which Lilly was served with a summons and copy of the Complaint.  Consequently, this notice is timely under 28 U.S.C. §1446(b).

4.      Based on the information contained in the Complaint, Plaintiffs were at the time of the commencement of this action, and are at the time of filing this Notice of Removal, residents of the state of Massachusetts.

5.      Lilly was at the time of the commencement of this action and is now at the time of filing this Notice of Removal an Indiana corporation with its principal place of business in the State of Indiana.

6.      Plaintiffs each claim damages in excess of $75,000.  Accordingly, the amount in controversy in the state action exceeds the sum or value of $75,000, exclusive of interest and costs.

7.      This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332, and the action is one that may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(b) because it is a civil action between citizens of different states in which the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

8.      Removal of this case on the basis of diversity of citizenship is not precluded by the provisions of 28 U.S.C. § 1441(b) because the Defendant is not a citizen of the District of Columbia.

Respectfully submitted,

ELI LILLY AND COMPANY

Lawrence H. Martin, D.C. Bar # 476639
Foley Hoag LLP
1875 K Street, NW, Suite 800
Washington, D.C. 20006-1238
(202) 223-1200

and

James J. Dillon, D.C. Bar # 485593
Foley Hoag LLP
155 Seaport Boulevard
World Trade Center West
Boston, MA 02210-2600
(617) 832-1000

Dated: October /D, 2006

## **CERTIFICATE OF SERVICE**

I certify that on October / 7 , 2006, a true copy of the foregoing Notice of Removal was served by U.S. First Class Mail, postage prepaid, upon:


Aaron M. Levine, Esq.
Aaron M. Levine & Associates, P.A.
1320 Nineteenth Street, N.W.
Suite 500
Washington, DC 20036
**Attorney for Plaintiff**


_____
Betty Marroquin

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NANCY NOURIEL, and
MICHAEL NOURIEL,

                    Plaintiffs,

          v.                                             CIVIL ACTION No.

ELI LILLY AND COMPANY,

                    Defendant.

## NOTICE OF FILING COPIES OF STATE COURT PAPERS SERVED ON DEFENDANT ELI LILLY AND COMPANY

Pursuant to 28 U.S.C. § 1446, defendant Eli Lilly and Company hereby files copies of all

process, pleadings and orders in Superior Court Civil Action No. 06-0007152 with which it was

served as of the morning of October $\underline{10}$, 2006.

Respectfully submitted,

ELI LILLY AND COMPANY

Lawrence H. Martin, D.C. Bar # 476639
Foley Hoag LLP
1875 K Street, NW, Suite 800
Washington, D.C. 20006-1238
(202) 223-1200

and

James J. Dillon, D.C. Bar # 485593
Foley Hoag LLP
155 Seaport Boulevard
World Trade Center West
Boston, MA 02210-2600
(617) 832-1000

Dated: October $\underline{10}$, 2006

## CERTIFICATE OF SERVICE

I certify that on October 10, 2006, a true copy of the foregoing Notice of Filing State Court Papers was served by U.S. First Class Mail, postage prepaid, upon:

Aaron M. Levine, Esq.
Aaron M. Levine & Associates, P.A.
1320 Nineteenth Street, N.W.
Suite 500
Washington, DC 20036
**Attorney for Plaintiff**

_____
Betty Marroquin

## SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
### Civil Division

NANCY NOURIEL and ]
MICHAEL NOURIEL ]
68 Moreland Street ]
Worcester, MA 01609 ]
]
       **Plaintiff,** ]
  v. ]   **Civil Action No.**
]
**ELI LILLY AND COMPANY** ]
Lilly Corporate Center ]
Indianapolis, IN 46285 ]
w/s/o NATIONAL REGISTERED AGENTS, INC. ]
1090 Vermont Avenue, NW, #910 ]
Washington, DC 20005 ]
]
     **Defendant.** ]



FILED
CIVIL
SEP 2 1 2006
SUPE...
OF THE DISTRICT OF COLUMBIA
WASHINGTON, DC

Case: 2006 CA 007152 B

## COMPLAINT
### (DES Litigation – Products Liability, Punitive Damages)

1.    Jurisdiction is founded upon 11 D.C. Code §921 (1981 ed.).

2.    Defendant is engaged, or has been engaged, in the manufacturing, marketing, sale, promotion, and distribution of pharmaceuticals throughout the United States, and is doing business in the District of Columbia. The Defendant met with and conspired with numerous pharmaceutical manufacturers in the District of Columbia, prior to obtaining governmental approval for Diethylstilbestrol ("DES"). Defendant spearheaded industry-wide conferences in the District of Columbia to seek approval of DES by Joint Submission, withholding from the Food and Drug Administration reports questioning the efficacy of DES and studies raising serious questions of safety. These meetings, conferences and agreements occurred in the District of Columbia.

## COUNT I
### (Negligence)

3.    On or about 1957 and 1958, during her pregnancy with Plaintiff Nancy Nouriel, the mother of the Plaintiff herein bought and ingested DES in Rhode Island. Her physician

prescribed said drug during the pregnancy. The drug was manufactured and sold by Defendant Eli Lilly and Company.

4. As a result of Plaintiff's embryonic exposure to DES, she suffered injuries, including, but not limited to, uterine and cervical malformations, with resulting miscarriage and infertility, incurred medical expenses for care and treatment, suffered physical and mental pain, and was deprived of the family she desired.

5. Said injuries were the result of the negligence of Defendant, including, but not limited to, failure to test, failure to warn, over-promotion of DES, and failure to heed and report adverse studies regarding the safety and efficacy of DES.

## COUNT II
### (Strict Liability)

6. All of the allegations contained in Count I are realleged and incorporated herein by reference.

7. DES is, and at all times relevant to this action was, an unreasonably dangerous and defective drug when used by pregnant women for its advertised and intended purpose as a preventative of miscarriage.

8. Defendant is engaged, or has been engaged, in the business of producing DES, and is, or has been, a commercial manufacturer of said drug.

9. Plaintiff's mother purchased and ingested DES during her pregnancy with Plaintiff, and received and ingested DES in the same form and condition as when it left Defendant's possession.

10. Said product was defective when placed on the market by Defendant. DES was sold by Defendant without sufficient warning or instructions. A reasonable seller would not

have sold the product had he/she known of the risks involved.  The risks were greater than a reasonable buyer would expect.

11.    Defendant knew, or should have known, that pregnant women and their attending physicians could not realize and could not detect the dangerous and harmful nature of DES. Clear warnings as to the doubtful efficacy of DES and dangers to unborn children should have been disseminated to overcome Defendant's extensive advertising campaigns proclaiming the safety and efficacy of DES.

12.    As a result of Defendant's marketing and promotion of said defective and unreasonably dangerous drug, Plaintiff was exposed to DES as an unborn child and has suffered injury, loss, and damages as aforesaid.

13.    By reason of having marketed and promoted DES in its defective and unreasonably dangerous condition, Defendant is strictly liable to Plaintiff for her DES-related injuries, losses, and damages.

## COUNT III
### (Breach of Warranty)

14.    All of the allegations contained in Counts I and II are realleged and incorporated herein by reference.

15.    At all times relevant to this action, Defendant marketed and promoted DES accompanied by implied and express warranties and representations to physicians and their patients that the drug was efficacious as a miscarriage preventative, and was safe for pregnant women and their unborn children if used as directed for such purposes.

16.    Defendant knew, or should have known, that pregnant women, including the mother of Plaintiff and her attending physicians, were relying on Defendant's skills and judgments, and the implied and express warranties and representations.

3

17.    At all times relevant to this action, these implied and express warranties and representations were false, misleading, and unfounded.  In fact, DES was a misbranded drug in violation of federal law, and was neither safe nor efficacious as a miscarriage preventative.

18.    As a direct result of the breach of warranties by the Defendant, Plaintiff has been injured as aforesaid.

## COUNT IV
### (Misrepresentation)

19.    All of the allegations contained in Counts I, II, and III are realleged and incorporated herein by reference.

20.    Defendant represented to pregnant women, including the mother of Plaintiff and her attending physicians, in promotion campaigns, advertisements, labeling, and literature that DES was safe, effective, and adequately tested, which representations were made and publicized with the purpose and intent of having physicians and their patients rely on them.

21.    The mother of the Plaintiff and her attending physicians did, in fact, rely on Defendant's representations in his advice about purchase, use, and consumption of DES.

22.    At all times relevant to this action, these representations were known to Defendant to be false or they were made by Defendant in conscious, reckless and/or unreasonable disregard of facts available to Defendant, indicating a lack of efficacy and a danger to pregnant women and their unborn children.

23.    As a direct result of said false representations by Defendant, Plaintiff was injured as aforesaid.

## COUNT V
### (Loss of Consortium – Michael Nouriel v. Eli Lilly)

24.    All of the allegations contained in Counts I, II, III, IV and V are realleged and incorporated herein by reference.

25.     Plaintiff, Michael Nouriel is the husband of Nancy Nouriel.  As a result of the negligence, strict liability, breach of warranty, and misrepresentation of Defendants as aforesaid, Plaintiff Michael Nouriel has been deprived of the love, services and affection of his wife, Nancy Nouriel.

**WHEREFORE,** Plaintiff Nancy Nouriel demands judgment against Defendant in the sum of Two Million Dollars ($2,000,000.00), as compensatory damages, plus costs.

**WHEREFORE,** Plaintiff Michael Nouriel., individually, demands judgment against Defendants Eli Lilly and Company, in the sum of One Million Dollars ($1,000,000.00), as compensatory damages, plus costs.

Respectfully submitted,

AARON M. LEVINE & ASSOCIATES

Aaron M. Levine, #7864
1320 19th Street, N.W., Suite 500
Washington, D.C.  20036
(202) 833-8040

Brandon J. Levine, #412130

Renee L. Robinson-Meyer, #455375

Steven J. Lewis, #472564

Counsel for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury as to all issues of material facts.

Aaron M. Levine

A TRUE COPY
TEST:                    OCT 0 5 2006

Clerk, Superior Court of
the District of Columbia

By _____
                Deputy Clerk

5

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
### 500 Indiana Avenue, N.W., Room JM-170
### Washington,   D.C.   20001   Telephone:   879-1133

| | |
|---|---|
| NANCY NOURIEL, et. al. | |
| *Plaintiff* | |
| vs. | Civil  Action  No. |
| ELI LILLY AND COMPANY | |
| *Defendant* | |

## SUMMONS

To  the  above  named  Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government  you have 60 days after  service of this summons to serve your Answer. A copy of the Answer must be mailed  to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below.**    If plaintiff has no attorney, a copy of this Answer must be mailed  to the plaintiff at the  address stated  on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer  with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment  by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

| |
|---|
| Aaron M. Levine |
| Name of Plaintiff's Attorney |
| 1320 19th St., NW, Suite 500 |
| Address |
| Washington, DC  20036 |
| (202) 833-8040 |
| Telephone |

By _____
Deputy Clerk

Date   CI-21-06

PUEDE  OBTENERSE  COPIAS  DE  ESTE FORMULARIO  EN  ESPANOL  EN  EL  TRIBUNAL  SUPERIOR  DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU  MAY  OBTAIN  A COPY OF  THIS   FORM  IN SPANISH  AT THE  SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-456/Mar. 98

**NOTE:**  SEE  IMPORTANT  INFORMATION  ON  BACK  OF  THIS  FORM.

2006 CA 007152 B        NOURIEL, NANCY et al  Vs.  ELI LILLY & COMPANY       MR

Search Criteria
Docket Entry
Images          All Dockets                    ↓     Begin Date                SortDescending
Participant                                     ↓     End Date
Display OptionExclude Non Display Dockets

Search Results

| Docket Date | Referenc e | Description | Amt Owed/ Amt Dism/Credit | Amount Due |
|---|---|---|---|---|
| 9/25/2006 | | Issue Date:  09/25/2006 Service:  Summons Issued Method:  Service Issued Cost Per:  $ | | |
| | | ELI LILLY & COMPANY c/o National Registered Agents, Inc 1090 Vermont Avenue NW, Suite 910 WASHINGTON, DC   20005 Tracking No: 5000022915 | | |
| 9/21/2006 | | Event Scheduled Event: Initial Scheduling Conference-60 Date: 12/29/2006   Time: 9:30 am Judge: ROSS, MAURICE   Location: Courtroom B-52 | | |
| 9/21/2006 | | Complaint for Personal Injury Filed Attorney: LEVINE, Mr AARON M (007864) Receipt: 51344  Date: 09/21/2006 | 120.00 | |

# CIVIL COVER SHEET

JS-44
(Rev. 2/01 DC)

**I (a) PLAINTIFFS**

NANCY NOURIEL, and MICHAEL NOURIEL,
68 Moreland Street
Worcester, MA 01609

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

**DEFENDANTS**

CASE NUMBER   1:06CV01736

JUDGE: Colleen Kollar-Kotelly

DECK TYPE: Personal Injury/Malpractice

DATE STAMP: 10/10/2006

Washington, DC 20006-1238

**II BASIS OF JURISDICTION**
(SELECT ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ○ 2 U.S. Government Defendant
- ○ 3 Federal Question (U.S. Government Not a Party)
- ● 4 Diversity (Indicate Citizenship of Parties in item III)

**III CITIZENSHIP OF PRINCIPAL PARTIES** (SELECT ONE FOR PLAINTIFF AND ONE FOR DEFENDANT)
(FOR DIVERSITY CASES ONLY!)

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ● 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ● 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV.  CASE ASSIGNMENT AND NATURE OF SUIT
(Select one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

**○ A. Antitrust**
- ☐ 410 Antitrust

**● B. Personal Injury/ Malpractice**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☒ 365 Product Liability
- ☐ 368 Asbestos Product Liability

**○ C. Administrative Agency Review**
- ☐ 151 Medicare Act

_Social Security:_
- ☐ 861 HIA ((1395ff))
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

_Other Statutes_
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**○ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

---

**○ E. General Civil (Other)    OR    ○ F. Pro Se General Civil**

_Real Property_
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

_Personal Property_
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

_Bankruptcy_
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

_Prisoner Petitions_
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

_Property Rights_
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

_Forfeiture/Penalty_
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

_Federal Tax Suits_
- ☐ 870 Taxes (US plaintiff or defendant)
- ☐ 871 IRS-Third Party 26 USC 7609

_Other Statutes_
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act)

| ○ G. Habeas Corpus/2255 | ○ H. Employment Discrimination | ○ I. FOIA/PRIVACY ACT | ○ J. Student Loan |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex, national origin, discrimination, disability, age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. Labor/ERISA (non-employment) | ○ L. Other Civil Rights (non-employment) | ○ M. Contract | ○ N. Three-Judge Court |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

○ 1 Original Proceeding   ⊙ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

✓ 28 USC Section 1332 Plaintiff purportedly alleges personal injuries arising out of defendants' pharmaceutical product.

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23   DEMAND $ 2,000,000.00   Select YES only if demanded in complaint

JURY DEMAND: ☒ YES   ☐ NO

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   ☐ YES   ☒ NO   If yes, please complete related case form.

DATE October 10, 2006   SIGNATURE OF ATTORNEY OF RECORD _____

INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.